[6 NYS2d 430]

266 Titusville Road, LLC, Petitioner, v Bernardo Cazares, Respondent.

Justice Court of the Town of LaGrange, Dutchess County, February 5, 2015

**APPEARANCES OF COUNSEL**

*Lloyd Somer*, New York City, for petitioner.
*Bernardo Cazares*, respondent pro se.

## OPINION OF THE COURT

MICHAEL G. HAYES, J.

On or about July 30, 2013, petitioner obtained a judgment against respondent in this nonpayment summary proceeding relating to a commercial unit in the Titusville Plaza, which is located at 266 Titusville Road in the Town of LaGrange. That judgment awarded possession of the premises to petitioner based upon respondent's nonpayment of rent. That judgment also awarded petitioner monetary damages in the amount of $84,929.66.

On or about September 16, 2014, petitioner caused a post-judgment subpoena to be served on respondent. This service was effected by service on a person of suitable age and discretion at respondent's dwelling place or ususal place of abode.

That subpoena directed respondent to appear for a postjudgment deposition at 9:30 a.m. on October 1, 2014. The subpoena stated that, at that deposition, respondent would be required to answer questions on matters relevant to the satisfaction of the judgment, and to produce for examination certain books and papers relevant to the satisfaction of the judgment.

Respondent failed to appear for the deposition, or to produce the books and papers that had been demanded in the subpoena. By notice of motion returnable December 23, 2014, petitioner now seeks an order holding respondent in contempt for his alleged failure to comply with the postjudgment subpoena.

"Every court in which a special proceeding to enforce a money judgment may be commenced, shall have power to punish a contempt of court committed with respect to an enforcement procedure." (CPLR 5210.) Town and village justice courts do not have jurisdiction over special proceedings to enforce their money judgments. Rather, a special proceeding to enforce a money judgment issued by a town or village court must be commenced in county court or supreme court. (CPLR 5221 [a] [4]; see also Siegel, NY Prac § 493 at 864 [5th ed 2011] ["The town and village courts lack jurisdiction of the 'supplementary proceeding' devices; when one of those devices is used to enforce a judgment of a town or village court, it is captioned in and seeks the aid of either the supreme court or a county court"].) Therefore, a subpoena to enforce a money judgment issued by a town or village court "must bear the caption of a higher court, and . . . any proceedings to punish for contempt for disobedience of the subpoena must also be brought in that court."

(Siegel, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C5224:1.)

Based on the foregoing, it is hereby ordered, that petitioner's motion for an order holding respondent in contempt is denied because this court lacks jurisdiction over a special proceeding to enforce a money judgment.